STEPHENSON, GUNTER, Associate Judge.
Appellants, Plantation Estates, Inc., a Florida corporation, and Joseph H. Gerard and Geraldine Gerard, his wife, who are plaintiffs below, seek reversal of a final decree of the chancellor denying an injunction against the appellees-defendants.
The appellants as plaintiffs in the trial court filed an action to enjoin the defendants from proceeding further with the construction of a cerrietery on certain property belonging to the defendants which was adjacent and abutted plaintiffs’ properties. The plaintiffs allege that large sums of money have been expended by them developing their land for construction and sale of high class residences and that to permit a cemetery to be erected on adjacent property would greatly reduce the value of thijir land and thereby cause irreparable injury to plaintiffs.
Plaintiffs Gerard allege that they have expended approximately $30,000 in de *824 veloping their land for the purpose of construction and sale of several residences. The plaintiff Plantation Estates, Inc. alleges it began developing its land three to five years before the present dispute arose and that it has expended $100,000 in filling the land and digging a network of canals to permit construction of waterfront homes.
Further Plantation Estates contends that it must proceed with construction and sale of homes as proposed or else this expended investment along with the loss of profits on the proposed high class homes will be lost and said plaintiff thereby irreparably damaged.
Both plaintiffs allege that their lands had been so developed when the defendants purchased the proposed cemetery lands. At the time of the filing of plaintiffs’ suit the defendants had expended the cost of one day’s clearing.
Extensive testimony was taken before the chancellor and narration in detail of the evidence is unnecessary. The chancellor in his final decree among other things found:
“That a portion of the land of Plaintiffs Gerard is adjacent on the North to the proposed cemetery property, consisting of a 200 foot strip Running West to East crossing U. S. Highway No. 1 and touching the Indian River, and that the Gerard Residence, established several years ago, is on the Indian River, the only entrance thereto being from U. S. Highway No. 1 (the same being a four lane highway consisting of two paved surfaces of two lanes each and separated by a grass strip) diagonally across said Highway from the entrance to the proposed Florida Memorial Cemetery, which is at the North end of the cemetery property, and that said entrance is not presently visiblh from the immediate environs of said Gerard residence; said residence being approximately 1200 ; feet .from the highway right-of-way and lying behind extensive trees and shrubbery.
“That Plaintiff Plantation Estates, Inc. is the owner of Lot 4 of Section 1 and Lot 1 of Section 12, less the South five chains, in Township 26 South, Range 36 East, ánd that the western portion of said Plantation Estates, Inc. property, which is West of said U. S. Highway No. 1, is adjacent to said proposed cemetery property for a distance of approximately 2,500 feet; that Plaintiff Plantation Estates, Inc.,, before the filing of this suit had invested considerable monies in extensive canaling, (sic) dredging, filling and surveying upon that portion of its. property, lying East of the highway and that said development had taken-place beginning, about five years prior to the filing of this suit, the major part thereof having been completed to its. present state before the purchase of the proposed cemetery property by the Defendants as indicated by the aerial photograph; but that no development work had been done on the Eastern or Western portions of said property 1 for more than one year prior to the purchase of the proposed cemetery property.
“That the Plaintiffs Gerard have also canaled' (sic) and filled a portion, of their property.
******
“That the location of the properties, in question in this suit is about halfway between the Cocoa-Rockledge area and the Melbourne-Eau Gallie area in Brevard County; and there is no evidence of any residential development for at least two miles in either direction.
******
“That initially, the Court was constrained to follow the rule announced in the Florida Supreme Court case of Jones v. Trawick [Fla.], 75 So.2d.785 *825 [50 A.L.R.2d 1319], citing with approval the South Carolina Supreme Court decision in Young, et al., v. Brown [212 S.C. 156], 46 S.E.2d 673, both of which cases hold that the constant reminders of death occurring in such an institution constitute a nuisance to a residential area and may be enjoined even though not detrimental to physical health; the Court noting particularly that the case of Young v. Brown, supra, involved a proposed residential area wherein only,, a few residences had been constructed and that both cases take cognizance of the depreciating effect on property value or resal-ability of real property; however, in each of those cases, the Courts’ decisions were bottomed upon the premise that each area was in truth and in fact a residential area.
“Here, we have three Plaintiffs who, to their credit, have taken submarginal lands and by the expenditure of money for dredging and filling have made it susceptible of human habitation. But does this expenditure on their part per se make the immediate area one of residential character ? ' This Court thinks not.”
It appears that this is a controversy between two business enterprises seeking to develop rural lands and not a suit by home owners or lot owners in an established residential area. The factual situation in this case, as found by the chancellor, is clearly distinguishable from that found in Jones v. Trawick, supra. As stated by the chancellor, to give the plaintiffs the relief they seek would place such a strained construction upon the language of the Supreme Court in the Jones case, supra, that the effect would be to prohibit the constructing of a cemetery so long as an adjoining owner protested. ,
In refusing the relief sought by the plaintiffs the chancellor was not guilty of any abuse of discretion. After studying the briefs and the record, we find ample evidence to support the chancellor’s findings. It is our opinion that the chancellor was eminently correct in denying the petition for permanent injunction on the merits.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.