RAWLS, Judge.
The defendants, Mr. and Mrs. Overby, Mr. and Mrs. Greggs and St. Augustine Management Co., have appealed from a final decree permanently enjoining them from using certain lands as a cemetery.
The Overbys and Greggses purchased an abandoned 23 acre farm located two or three miles south of St. Augustine for the purpose of building and operating a memorial gardens type cemetery. In an effort to comply with the requirements of F.S. Sections 559.30-559.47, F.S.A. The Cemetery Act, they procured the written consent of all adjoining property owners and the written consent of two of the three property owners whose lands were across the road *533 from the proposed cemetery. They also secured the approval of the Board of Health and the Board of County Commissioners. The individual defendants employed a cemetery architect to draw the plans and chartered the corporate defendant to build and operate the cemetery. In addition to the purchase price of the property, several thousand dollars had been spent on plans, maps, topographical survey and other necessary items.
After clearing and grading operations had begun, this suit was filed to enjoin the construction of the cemetery on the grounds that it constituted a private nuisance because it would 1. devaluate plaintiffs’ property, 2. render their water supply unfit for human consumption, and 3. emotionally disturb them by being a constant reminder of death. The chancellor found that the allegations under the first two grounds were not sustained by the evidence so this appeal was bottomed upon the third ground only. In his written opinion the chancellor indicated his inclination toward the view expressed in the dissenting opinion of Jones v. Trawick,[1] but being bound by the majority opinion, decreed a permanent injunction.
In Jones v. Trawick, a case of first impression, the Florida Supreme Court extended to cemeteries the rule theretofore applied, by the great weight of authority, to funeral homes and embalming establishments. This rule as stated in that case is:
“ ‘The greater weight of recent authority is to the effect that the establishment and operation of an undertaking business in a purely residential section, under circumstances which would ■cause a depressed feeling to the families in the immediate neighborhood, and a constant reminder of death, appreciably impairing their happiness, or weakening their power to resist disease, and depreciating the value of their property, constitutes a nuisance.’ ” {Emphasis supplied.]
The first requirement of the rule is that the proposed cemetery, to be a nuisance, must be located in a “purely residential section” since the nuisance is the substantial interference with the comfort, repose and enjoyment of the home. Appellants here contend that the able chancellor misinterpreted this requirement when he found that area was “predominately residential.” References in the Trawick opinion to “residential area” and “predominately residential” were apparently construed by the chancellor in the instant cause as meaning that among the improvements made upon the land in the surrounding area, residences were predominate.
In the Trawick case Associated Properties, Inc. purchased a tract of land, subdivided it, sold the lots and executed deeds of conveyance carrying covenants running with the land restricting the use of most of the lots to residences for Negroes. One block was not divided into lots, bore no designation, was excluded from the restrictions, and though there was nothing in writing to bind the owners, Associated Properties made it widely known to the purchasers that it would be used as a park or recreation field. However, this block was sold to the defendants who established it as a cemetery. There is no evidence that any homeowner in the area or any of the large number of adjacent homeowners who filed the complaint to restrain the use of the property as a cemetery had ever consented to the cemetery. Six funerals had taken place, and the noisy lamenting of the Negro mourners was a source of disturbance to at least one plaintiff.
In the instant case the proposed cemetery is a 23 acre tract located on the old Moul-trie Road about two or three miles south of St. Augustine. The complaining plaintiffs were: Mr. and Mrs. Frawley who owned 20 acres of land upon which was located their home and a steel radio tower; Mr. and Mrs. Green who owned 27 acres of land upon which was located a home, a garage, *534 a saw mill, stacks of logs and a parking place for log trucks; Mr. and Mrs. Piet who owned three acres upon which was located their home; Mr. Joseph Del Giudice who owned and operated on highway U. S. 1 a motor court which is separated from the proposed cemetery by a tract of unoccupied land of unspecified acreage; and Rita Herrin who did not testify and whose property, if any, was never located. Four of these eight plaintiffs, the Piets and the Greens, had previously given their written consent for the construction of the cemetery. Other landowners who testified for the plaintiffs were Rogers and Clifton, homeowners of unspecified acreage; Miz-ell, who owned 240 acres of undeveloped land some distance north of the proposed cemetery; and Allen Hein who owns a service station, a store and some undeveloped property on U. S. 1. The chancellor on viewing the premises found that some plaintiffs, whom he did not identify, lived on small farms or truck gardens. Even discounting this information, the record reveals that the Piets, who had previously consented to the cemetery, are the only plaintiffs who do not have some commercial enterprise located on their property. In fact real estate agents testified that the area was rural, with 90% unoccupied, and the use diversified — residential, commercial, and farming.
Further analysis of the area is unnecessary, since the uncontradicted evidence shows the use of the land is similar if not more commercialized than that owned or occupied by the plaintiffs and their witnesses. It is sufficient to note that the area here is not zoned. It is not divided into lots and blocks. None of it has been shown to be restricted to residences. Much of it is undeveloped. Some of it is used strictly for business, and a majority of homeowners use their land for small business enterprises such as farming, raising fighting cocks, saw mills, tourist courts, gas stations, cafes, etc. We conclude that the chancellor erred in finding that the area in this cause was predominantly residential and that the rule expressed in Jones v. Trawick was binding upon him.
Our review of the decisions of the states which follow the funeral home rule indicates the prevalence of courts to recognize the desirability of accessible funeral homes- and cemeteries in both populated and rural' areas and to painstakingly weigh the facts-by considering the number of homes in. comparison to the number of businesses in-the area, the number of homes in which-, businesses are conducted, the zoning ordinances, and other factors necessary to meet the test of a “purely”, “essentially” or “exclusively” residential section.[2] We find' nothing in the Trawick case to indicate that the Florida Supreme Court intended to extend the rule.
This conclusion is consistent with the decision in Plantation Estates, Inc. v. Florida Memorial Cemetery, Inc.[3] At the time the-defendants in that case purchased the proposed cemetery lands, the abutting landowner to the north had already expended*. $30,000 developing his property for the construction and sale of residences and the adjoining landowner to the south of the proposed cemetery had expended $100,000 in, digging and filling a network of canals for-the construction of commodious waterfront homes. Permanent injunction was denied' on the grounds that the area was rural, lands and the suit was not one by homeowners or lot owners in an established residential area. In arriving at this conclusion, the District Court reviewed the Trawick case and the South Carolina Supreme Court decision in Young v. Brown,[4] upon which-, *535 the Trawick case was based, and determined that both decisions were bottomed -upon the premise that each area was in truth and in fact a residential area.
Having reached the above conclusion we find it unnecessary to dispose of other points raised.
Reversed.
CARROLL DONALD K., Acting Chief Judge, and MASON, Associate Judge, concur.

. Jones v. Trawick, 75 So.2d 785 (Fla.1954).

. Leffen v. Hurlbut-Glove Mortuary, 363 Mo. 1137, 257 S.W.2d 609 (1953); Powell v. Taylor, 222 Ark. 896, 263 S.W.2d 906 (1954); Mutual Service Funeral Horae v. Fehler, 257 Ala. 354, 58 So.2d 770 (1952).

. Plantation Estates, Inc. v. Florida Memorial Cemetery, Inc., 118 So.2d 823 (Fla.App.2d, 1960).

. Young v. Brown, 212 S.C. 156, 46 S.E.2d 673 (1948).